# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **MELFORD D. NEWLON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 4:05-CV-2218-CEJ |
| ) | |
| **JOHN DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Melford D. Newlon (Registration No. 291382) for leave to commence this action without payment of the required filing fee. On December 15, 2005, the Court entered its Order holding in abeyance plaintiff's motion for leave to proceed in forma pauperis pending receipt of a certified copy of plaintiff's inmate trust fund account statement. Apparently, the Court's Order and plaintiff's submission of his account statement crossed in the mail. The Court now has before it the necessary information and will review this action under 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six months period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1), (2). A review of applicant's account statement indicates an average monthly deposit of $32.33 and an average monthly account balance of $3.59. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $6.47, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff, currently incarcerated at St. Louis Medium Security Institution, seeks monetary relief in this § 1983 action against defendants John Does. Plaintiff alleges that, on or about October 2, 2005, he was walking down the street when a police vehicle, a minivan, pulled up to the curb. Plaintiff alleges that three police officers jumped out of the van, pointed automatic weapons at him and ordered him to get down on the ground. Plaintiff alleges that one officer hit him in his right eye and that he was repeatedly hit by the officers. According to plaintiff, the officers continued beating him after he was handcuffed. Plaintiff further alleges that, after being "thrown" into the van, he was struck in the back of the head with a hard object. Plaintiff states that he was taken to the police station about an hour later and was forced to sign a "Refuse to See Medical Form," under threats of further beating. Plaintiff states that, approximately three hours later, he was seen by a nurse who noted his injuries and provided Ibuprofen. Plaintiff states that the officers were white and that he believes that the beating was racially-motivated.

**Discussion**

Liberally construing plaintiff's complaint, the Court finds that the gravamen of his complaint is that he was subjected to police brutality by defendants John Does acting under color of state law and in violation of rights protected by the Constitution of the United States. Such allegations "are typically analyzed in terms of fourth amendment and liberty interests." *New v. City of Minneapolis*, 792 F.2d 724, 726 (8th Cir. 1986). "If sufficiently egregious, a deliberate use of excessive force in this context can implicate the substantive fourth amendment guarantee against

unreasonable seizures, the substantive due process right to be free from abusive governmental conduct 'offensive to human dignity,' or both." *Id.* (citations omitted). Here, plaintiff alleges a "sufficiently egregious" use of excessive force to implicate his constitutional rights.

The Court must, however, consider whether service may be accomplished because defendants are unnamed. In general, unknown defendants may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). However, an action may proceed against parties whose names are unknown, if the complaint makes allegations specific enough to permit the identity of the parties to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint contains allegations specific enough to permit the identities of the John Doe defendants to be ascertained after reasonable discovery.

Accordingly, the Court will grant plaintiff an opportunity to discover the names of the officers who participated in his arrest. Plaintiff may then amend his complaint to identify said officers so that they may be served. *See id.* Because plaintiff's original complaint clearly sets forth his claims, the Court will not require him to set forth those claims again but will permit him to amend by interlineation to substitute the named defendants for the John Doe defendants.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $6.47 within thirty (30) days from the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2)

his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court is ordering plaintiff to amend his complaint.

**IT IS FURTHER ORDERED** that plaintiff shall amended his complaint by interlineation to replace the John Doe defendants with named defendants within thirty (30) days from the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that, upon plaintiff's providing the Court with the names of the John Doe defendants, the Clerk shall issue process or cause process to issue upon the complaint.

Dated this 5th day of January, 2006.

_____
**UNITED STATES DISTRICT JUDGE**